# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESMOND KEELS, | ) |
|       Plaintiff, | ) Civil Action No. 2:16-cv-00302 |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| JOHN E. WETZEL, Secretary, | ) |
| Commonwealth of Pennsylvania, | ) |
| Department of Corrections, et al., | ) |
|       Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On March 15, 2016, Plaintiff, Desmond Keels, initiated this civil rights action by filing a motion for leave to proceed *in forma pauperis*, with an attached complaint. The complaint names twelve defendants, most of whom are officials and/or employees or medical providers at SCI-Fayette. In the complaint, Keels sets forth by numbered paragraphs a wide variety of unrelated claims.

The Court conducted an initial prescreen of the Complaint pursuant to 28 U.S.C. § 1915A and concluded that the claims in the complaint were too disparate to proceed in one lawsuit and therefore were in violation of the rules of joinder as set forth in the Federal Rules of Civil Procedure. On March 24, 2016, the Court informed Keels that his original complaint included a plethora of separate, independent claims and ordered Keels to file an amended complaint by April 18, 2016, which satisfies Rule 20.

On April 8, 2016, Plaintiff filed an Amended Complaint, naming five additional defendants (for a total of 17 defendants), and adding a variety of new claims. Unfortunately, the amended complaint suffers from the same infirmities as the original complaint. For example, as with his original complaint, a number of the claims in the amended complaint may be subject to

dismissal as they do not appear to state cognizable claims and do not state the dates on which the conduct of each defendant allegedly took place. Further, the majority of claims in the amended complaint appear unrelated and, as such, do not satisfy the elements of joinder. Keels was clearly advised in the Court's prior Order that he would not be allowed to bring unrelated claims in his amended complaint. This is improper under the Federal Rules of Civil Procedure and will not be allowed.

Keels seems to view all of the events which occur while he is in custody as a part of a singular, seamless web. For example, a sampling of the claims in the amended complaint include the following: failure to protect, wrongful confiscation of property, retaliation, breach of contract, lack of appropriate medical testing, denial of special diet, denial of medical treatment, falsification of medical records, tampering with mail, conditions of confinement on the RHU, excessive charges for commissary products, a request for new books for the RHU library, deprivation of his constitutional rights by the hearing examiner, bias on the part of the grievance coordinator, constant threats and harassment by the correctional officers on the RHU, the negligent release of hazardous gas into the ventilation system on J-Block, and illegal body cavity searches. These claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences and they lack a question of law or fact common to all defendants. Keels' vast array of claims are disparate and unrelated and are, again, inappropriate for joinder under Rule 20.

For all these reasons, the amended complaint will be stricken. Keels will be provided one more opportunity to file a revised amended complaint that comports with Rule 20. Keels is advised that the failure to file a revised amended complaint that comports with Rule 20 will

result in the court recommending that all counts from the original complaint be dismissed, with the exception of the claims relating to his cell transfer on November 22, 2015, and the failure to protect claim arising from the fight he had with his cellmate on November 22, 2015. If Keels files a revised amended complaint which again fails to comply with Rule 20, the court will proceed only on these two identified claims and will recommend the dismissal of the remainder of the claims.

**AND NOW**, this 3rd day of June, 2016, it is hereby **ORDERED** as follows:

1. The Amended Complaint filed on April 8, 2016 (ECF No. 5) is hereby **STRICKEN** for failing to comply with Rule 20.

2. Keels is granted leave until **July 6, 2016,** to file a revised amended complaint which satisfies Rule 20 of the Federal Rules of Civil Procedure. Failure to file an amended complaint which complies with Rule 20 will result in the court recommending that all counts from the original complaint be dismissed, with the exception of the claims relating to his cell transfer on November 22, 2015, and the failure to protect claim arising from the fight he had with his cellmate on November 22, 2015.

3. Keels' motion to proceed in forma pauperis is held in abeyance pending the submission of the revised amended complaint. Keels is advised that no further action will be taken in this case until the revised amended complaint is received by the Court.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: DESMOND KEELS , GL9372
SCI Fayette
PO Box 9999
LaBelle, PA 15450