IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESMOND KEELS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 2: 16-cv-0302 ) |
| STEVE BUZAS, | ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION AND ORDER[1]

Cynthia R. Eddy, United States Magistrate Judge

## I. INTRODUCTION

Presently before the Court is a Motion for Summary Judgment filed by defendant Steve Buzas ("Defendant" or "Buzas") with a brief in support (ECF Nos. 46 and 49). Plaintiff filed a response in opposition (ECF No. 61). For the reasons that follow, Defendant's Motion will be granted.

## II. BACKGROUND

Plaintiff initiated this pro se civil rights action under 42 U.S.C. § 1983, alleging that his First, Eighth and Fourteenth Amendment rights were violated when he was an inmate incarcerated at the State Correctional Institution ("SCI") at Fayette. According to Plaintiff, his claims arise out of an incident involving a "fight club," which purportedly was conducted by prison staff members in the restricted housing unit. (ECF No. 13, ¶ 7). Plaintiff alleges that the staff members arranged fights between inmates by placing them in secluded areas and allowing them to fight. *Id.* ¶¶ 9-10.

---

1   The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636, et seq.; Consent to Trial/Jurisdiction by United States Magistrate Judge (ECF Nos. 58 and 64).

1

Plaintiff further alleges that prison staff members wagered money on which inmate would win the fight, but the inmates were not paid for their participation. *Id.* ¶¶ 11-13. However, an inmate who won a fight might receive certain "gifts," such as cigarettes, single cell status or transfer to an institution located closer to the inmate's home. *Id.* ¶ 14.

Plaintiff alleges that Buzas, who was a Unit Manager in two restricted housing units at SCI Fayette, recruited him to participate in a fight club and offered him cigarettes, single cell status and a transfer to another institution if he agreed to do so. (ECF No. 13, ¶¶ 3, 17-18, 20). Plaintiff claims that he refused to participate, but another inmate initiated a fight with him on November 22, 2015, and Plaintiff allegedly fought in self-defense. *Id.* ¶¶ 18, 21-25. Following the fight, Plaintiff received a misconduct violation, which he claims was issued as a pretext to cover up the fact that Buzas arranged the fight. *Id.* ¶¶ 26-27.

Plaintiff alleges that Buzas subsequently told him that he had taken the fight too far because the other inmate had to be admitted to an outside hospital. (ECF No. 13, ¶ 29). Buzas purportedly told Plaintiff that he would not get single cell status and that he should not say anything about the situation. *Id.* ¶ 30. Plaintiff alleges that he received 180 days of disciplinary custody time for the incident and that staff members issued him continuing conduct violations because of the incident. *Id.* ¶ 33.

Plaintiff claims that Buzas violated his Eighth Amendment rights because he placed Plaintiff's future safety and physical and mental health and well-being in danger. (ECF No. 13, ¶ 35). Plaintiff also claims that Buzas violated his First Amendment right to be free from retaliation.[2] *Id.* Plaintiff seeks declaratory relief and an award of compensatory and punitive damages. *Id.* ¶

---

2     Plaintiff's handwritten Amended Complaint alleges First and Eighth Amendment violations, but he also listed a Fourteenth Amendment violation on the form document that he completed. *See* ECF No. 13 at 2, ¶ III.

36. Buzas has moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. (ECF Nos. 46, 47, 48 and 49).

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of proving the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *UPMC Health Sys. v. Metropolitan Live Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004).

Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To make that showing, the non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. *Celotex*, 477 U.S. at 322; *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). The non-movant may not rely on "bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (citing *Celotex*, 477 U.S. at 325)).

When considering a motion for summary judgment, the Court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In addition, the Court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving

party. *Matsushita*, 475 U.S. at 587. Finally, because Plaintiff is proceeding pro se, the Court will liberally construe his filings and employ less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

IV. **DISCUSSION**

By itself, 42 U.S.C. § 1983 does not create any rights, but rather provides a remedy for violations of those rights created by the Constitution or federal law. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). Here, Plaintiff claims that his First, Eighth and Fourteenth Amendment rights were violated as a result of an incident involving an alleged fight club when he was incarcerated at SCI Fayette. *See* ECF No. 13 at 2, ¶ III. Defendant argues that summary judgment should be entered in his favor as to all claims because Plaintiff failed to exhaust his administrative remedies. *See generally* ECF No. 49 at 3-7.

A. **Exhaustion Under the Prison Litigation Reform Act**

The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights action under § 1983 alleging acts of unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has construed § 1997e(a) as requiring "proper" exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' - rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88)). Because "prison grievance procedures supply the yardstick for measuring

4

procedural default," *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004), inmates who fail to fully complete the prison grievance process are barred from subsequently litigating those claims in federal court. *See e.g., Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000). Moreover, courts do not have discretion to decide whether exhaustion should be excused. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).

Under the PLRA, the exhaustion requirement centers on the "availab[ility] of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross*, 136 S. Ct. at 1858. "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation and citation omitted).

The Pennsylvania Department of Corrections Inmate Grievance System policy DC-ADM 804 governs the grievance and appeals process in Pennsylvania correctional institutions. DC-ADM 804 provides a three-step process, and a prisoner must follow each of the steps to properly exhaust his administrative remedies under the PLRA. *See Booth*, 206 F.3d at 299 (noting that the plaintiff "did not take full advantage of the administrative procedures available to him" in failing to use steps two and three of DC-ADM 804). The three steps in the grievance process are: (1) initial review by a Grievance Officer of an inmate grievance; (2) appeal to the Facility Manager to review the decision of the Grievance Officer; and (3) final appeal to the Secretary's Office of Inmate Grievance Appeals ("SOIGA") to review the decision of the Facility Manager. *See* DC-ADM 804 (2015), a copy of which is attached as Ex. 2 to ECF No. 48; *Spruill,* 372 F.3d at 232. The policy mandates that the inmate must include a statement of facts relevant to the claim and shall identify individuals directly involved in the event in the original grievance. *See* DC-ADM 804 § 1(A)(11).

5

### B. Plaintiff Has Not Exhausted His Administrative Remedies

In support of his summary judgment motion, Buzas submitted the Declaration of Rhonda House, who is the Grievance Coordinator at SCI Fayette. *See* Decl. of Rhonda House, attached as Ex. 1 to ECF No. 48, ¶ 2 (hereinafter "House Decl."). When Ms. House receives a grievance, it is assigned a number, entered into the Grievance Tracking System and the date of receipt is noted in the system. House Decl. ¶ 3. Ms. House explained that Plaintiff filed two grievances in December, 2015, neither of which were related to the claims raised by Plaintiff in the instant lawsuit. *See id.* ¶¶ 6, 16, 20.

On December 11, 2015, Plaintiff filed Grievance #602059 alleging that his personal photographs were lost when he was taken to the restricted housing unit on November 22, 2015. House Decl. ¶ 6, Ex. A. An Initial Review Response was issued denying Plaintiff's Grievance because the investigation revealed that his property had been inventoried and an officer verified that he was given the property from his cell, which included photographs. *Id.* ¶¶ 9-10.

Plaintiff appealed the denial of Grievance #602059 to the Facility Manager. House Decl. ¶ 11. The Facility Manager's Appeal Response upheld the denial of the grievance, finding that Plaintiff offered no proof to support his claim that his photographs were not returned. *Id.* ¶ 13. At the final appeal level, the SOIGA dismissed Plaintiff's grievance because he did not provide required documentation for proper review, contrary to the requirements of DC-ADM 804. *Id.* ¶ 14. As a result of Plaintiff's failure to comply with DC-ADM 804, he did not properly exhaust his administrative remedies as to Grievance #602059. *Id.* ¶ 15.

On December 11, 2015, Plaintiff filed Grievance #602060 alleging that he was denied asthma inhalers at the medication line on December 8, 2015. House Decl. ¶ 16, Ex. B. An Initial Review Response was issued upholding in part and denying in part Plaintiff's Grievance. *Id.* ¶ 17.

The Initial Review Response found that Plaintiff had not been prescribed asthma inhalers since November 2014, due to non-compliance, but the inhalers were re-ordered on December 8, 2015, when he was seen by a physician's assistant and he would be monitored for future compliance. *Id.* ¶ 18. Plaintiff did not appeal the Initial Review Response related to Grievance #602060. *Id.* ¶ 19. Thus, Plaintiff did not complete the grievance process and failed to exhaust his administrative remedies as to Grievance #602060.

The summary judgment record makes clear that Grievance #602059 relates only to Plaintiff's allegation that his photographs were lost and Grievance #602060 relates only to his claim concerning asthma medication. The record also makes clear that Plaintiff did not file any other grievances within the time period prescribed by DC-ADM 804[3] for the incident that occurred on November 22, 2015, concerning the alleged fight club that Plaintiff described in his Amended Complaint. House Decl. ¶¶ 20, 23. Plaintiff never filed a grievance regarding any alleged wrongdoing by Buzas in connection with the November 22, 2015, incident or claiming that Buzas violated Plaintiff's Eighth Amendment rights. *Id.* ¶¶ 22, 24. Likewise, Plaintiff never filed a grievance claiming that he was retaliated against by any staff member at SCI Fayette or alleging that his First or Fourteenth Amendment rights were violated because of the incident. *Id.* ¶¶ 25-26. Finally, as Ms. House explained, there was nothing preventing Plaintiff from exhausting his administrative remedies through the grievance process. *Id.* ¶ 28.

In response to Defendant's motion, Plaintiff filed various documents that do not relate to any of the allegations in his Amended Complaint.[4] *See generally* ECF No. 61-1. None of the

---

3     An inmate must submit a grievance within 15 working days after the event upon which his claim is based. *See* DC-ADM 804 § 1(A)(8).

4     These documents include, *inter alia*, the following: an Initial Review Response denying Grievance #646113 and various other grievance rejection notices in connection with his incarceration at SCI Greene; an Initial Review Response denying Grievance #618750 concerning

material produced by Plaintiff shows that he filed any grievance concerning the issues of this lawsuit; that is, his claim that Buzas recruited him for a fight club at SCI Fayette, any instance of retaliation by SCI Fayette personnel, or the alleged violation of his First, Eighth and Fourteenth Amendment rights in connection with the incident of November 22, 2015, or that the administrative process was not available to him. Therefore, because Plaintiff failed to exhaust his administrative remedies under DC-ADM 804 on these issues, Buzas is entitled to summary judgment on Plaintiff's claims that his First, Eighth and Fourteenth Amendment rights were violated. *See Woodford*, 548 U.S. at 85, 93 (holding PLRA requires "proper" exhaustion, meaning that the prisoner must bring his complaint to every level of the state's prison grievance system).

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment will be granted, as Plaintiff failed to exhaust his administrative remedies.

An appropriate Order follows.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Date: December 6, 2017

---

a staff member's request to interview Plaintiff on March 23, 2016, at SCI Fayette; rejection notices of Grievance #599089 (November 20, 2015), #615792 (March 7, 2016) and #615795 (March 7, 2016) at SCI Fayette; news articles from 2011 about a prison abuse scandal at SCI Pittsburgh and a fight club allegation at SCI Fayette; and, a declaration from a former inmate at SCI Fayette stating that he witnessed "the fight club atmosphere" and that Buzas condoned "inmate on inmate violence." (ECF No. 61-1 at 2, 4, 19, 22-23, 26, 36-37, 38, 41, 46, 47, 49-50).

cc: Desmond Keels
GL9372
SCI Rockview
Box A
Bellefonte, PA 16823
(via U.S. First Class Mail)

Sandra A. Kozlowski
Pennsylvania Office of Attorney General
(via ECF electronic notification)Desmond Keels

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DESMOND KEELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2: 16-cv-0302 |
| | ) | |
| STEVE BUZAS, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

**AND NOW**, this 6th day of December, 2017, for the reasons stated in the Memorandum Opinion filed this day, IT IS **ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 46) is **GRANTED**. Judgment pursuant to Federal Rule of Civil Procedure 58 follows.

The Clerk of Court is directed to mark this case **CLOSED**.

                                                    s/Cynthia Reed Eddy
                                                    Cynthia Reed Eddy
                                                    United States Magistrate Judge

cc:    Desmond Keels
        GL9372
        SCI Rockview
        Box A
        Bellefonte, PA 16823
        (via U.S. First Class Mail)

        Sandra A. Kozlowski
        Pennsylvania Office of Attorney General
        (via ECF electronic notification)Desmond Keels